1  JON D. FELDHAMMER (CABN 255031)
   jon.feldhammer@bakerbotts.com
2  BENJAMIN KOODRICH (CABN 262521)
   benjamin.koodrich@bakerbotts.com
3  BAKER BOTTS L.L.P.
   101 California Street, Suite 3200
4  San Francisco, CA 94111
   Telephone: +1.415.291.6200
5  Facsimile: +1.415.291.6300

6  Attorneys for Petitioners
   KWAN YOON, GOODAM HOLDINGS
7  LLC, and HYUNDAM LLC

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  KWAN YOON, GOODAM HOLDINGS          Case No. 3:25-cv-7974
    LLC, and HYUNDAM LLC,
13                                      **PETITION TO QUASH SUMMONS**
                  Petitioners,
14
           v.
15
    UNITED STATES OF AMERICA,
16
                  Respondent.
17

18

19

20       1.      Pursuant to Internal Revenue Code section 7609(b)(2), 26 U.SC. § 7609(b)(2),

21  petitioner Kwan Yoon hereby petitions the Court to quash two summonses issued by the Internal

22  Revenue Service addressed to Wells Fargo Bank N.A. ("Wells Fargo") dated August 29, 2025 (the

23  "Summonses"), true and correct copies of which are attached hereto as **Exhibit A** and **Exhibit B**. In

24  support of this petition, petitioners allege as follows:

25                              **PARTIES**

26       2.      Petitioner Kwan Yoon is an individual who is a citizen of the United States.

27       3.      Petitioner Goodam Holdings LLC is a Nevada limited liability company solely owned

28  by Kwan Yoon.

                                    1

4.    Petitioner Hyundam LLC is a Nevada limited liability corporation solely owned by Kwan Yoon.

5.    Respondent is the United States of America acting through its agency the IRS.

## JURISDICTION

6.    This Court has jurisdiction over this petition under Internal Revenue Code section 7609(h)(1) because the person to be summoned, Wells Fargo, has its principal executive offices in San Francisco, California, and has branches in this district.

## DIVISIONAL ASSIGNMENT

7.    Pursuant to Civil Local Rule 3-2(c), assignment to the San Francisco Division would be appropriate because San Francisco is the location of the principal executive offices of the person to be summoned, Wells Fargo.

## FACTS

8.    Since 2000, Kwan Yoon has been a general partner at the venture capital firm BlueRun Ventures, which is based in San Francisco, California.

9.    Kwan Yoon's principal place of abode and center of economic interest are in the United States.

10.    At all relevant times, Kwan Yoon has filed tax returns and paid tax as a resident of the United States.

11.    BRV Korea Advisors Co. Ltd. ("BRV Korea Advisors") is a Korean company with an office in Seoul, Korea.

12.    Kwan Yoon is not an officer, director, or employee of BRV Korea Advisors.

13.    Petitioners do not hold any ownership interest in BRV Korea Advisors.

14.    On or about September 15, 2025, BRV Korea Advisors received letters in the mail from the IRS dated August 29, 2025, enclosing copies of the Summonses.

15.    The Summonses are addressed to Wells Fargo Bank N.A., Legal Order Processing Center East, P.O. Box 1415 - MAC:D1111-016, Charlotte, North Carolina, 28201.

16.    The Summonses direct that "one or more officers or employees" of Wells Fargo is to appear to give testimony and produce the summonsed documents in Houston, Texas, on September

2

26, 2025, subject to a personal appearance not being required "if the requested information is received prior to the appearance time and date on this summons."

17.    One of the Summons is captioned, "In the matter of The Republic of Korea Income Tax Liabilities of Kwan Yoon (Choi)" and refers to Kwan Yoon as "Taxpayer." It directs Wells Fargo to produce "copies of all of the following documents, records, and information, including electronically stored information, in your possession, custody, or control pertaining to all accounts that may be owned, controlled, or under the signatory authority of Taxpayer for the period from January 1, 2021 through December 31, 2023 . . ." and specifically identifies account numbers for accounts allegedly held by Kwan Yoon, Goodam Holdings LLC, and Hyundam LLC. A true and correct copy of the letter enclosing that Summons is attached hereto as **Exhibit A**.

18.    That Summons shows an address for Kwan Yoon of:

> 128, Itaewon-ro 55 gil
> Yongsan-gu, Seoul
> Republic of Korea

However, that address is not Kwan Yoon's address. Nor is Kwan Yoon aware of any notice being served on him.

19.    The other Summons is captioned, "In the matter of The Republic of Korea Corporate Tax Liabilities of BRV Korea Advisors Co. Ltd." and refers to BRV Korea Advisors as "Taxpayer." It directs Wells Fargo to produce "copies of all of the following documents, records, and information, including electronically stored information, in your possession, custody, or control pertaining to all accounts that may be owned, controlled, or under the signatory authority of Taxpayer for the period from January 1, 2020 through December 31, 2024 . . ." and specifically identifies account numbers for accounts allegedly held by Kwan Yoon, Goodam Holdings LLC, and Hyundam LLC. The Summons further requests documents relating to accounts that are "held in the name of Kwan Yoon." A true and correct copy of the letter enclosing that Summons is attached hereto as **Exhibit B**.

20.    Neither Goodam Holdings LLC nor Hyundam LLC are related to BRV Korea Advisors.

21.    BRV Korea Advisors does not have control or access to any accounts at Wells Fargo

3

in the name of Kwan Yoon, Goodam Holdings LLC, or Hyundam LLC.

22.    The letters and enclosed copies of the Summonses were received by BRV Korea Advisors at its office in Seoul, Korea.

23.    It was not until BRV Korea Advisors received copies of the Summonses that petitioners learned of the Summonses.

24.    Petitioners have not received notice of the Summonses from the IRS.

25.    Petitioners have never received a request from the IRS that petitioners produce the summoned documents.

26.    Kwan Yoon is a party to a pending lawsuit that he filed in a Korean court in which he is disputing that he is a resident of Korea for tax purposes.

27.    In particular, Kwan Yoon is seeking a ruling from the Korean court that he is not a "resident" under Article 1-2 of the Korean Income Tax Act, which provides that the term "resident" means "any individual who has his/her domicile or place of residence in the Republic of Korea for at least 183 days."

28.    Kwan Yoon had no taxable income in Korea from January 1, 2020, through December 31, 2024.

**ARGUMENT**

29.    Petitioners are persons entitled to notice of the Summonses under section 7609(a)(1) because petitioners are "identified in the summons."

30.    Under section 7609(b)(2)(A), petitioners have the right to file a petition to quash the Summonses.

31.    There are "four requirements that the IRS must satisfy to enforce an administrative summons. . . . (1) the underlying investigation is for a legitimate purpose, (2) the inquiry requested is relevant to that purpose, (3) the information sought is not already in the government's possession, and (4) the IRS followed the administrative requirements of the Internal Revenue Code." *J.B. v. United States*, 916 F.3d 1161, 1166 (9th Cir. 2019) (citing *United States v. Powell*, 379 U.S. 48, 57–58 (1964)).

32.    Petitioners seek to quash the Summonses on the grounds that the IRS will not be able

1    to establish any of the requirements under *Powell*.

2         33.    *First*, the IRS will not be able to establish that the underlying investigation is for a

3    legitimate purpose because there is an ongoing dispute as to whether Kwan Yoon is a resident of

4    Korea for tax purposes such that he could be subject to Korean tax.

5         34.    Respondent and the Republic of Korea are parties to the United States - Republic of

6    Korea Income Tax Convention effective January 1, 1980 (the "U.S.-Korea Tax Treaty").

7         35.    Article 28(1) of the U.S.-Korea Tax Treaty provides: "The competent authorities shall

8    exchange such information as is necessary for carrying out the provisions of this Convention or for

9    the prevention of fraud or for the administration of statutory provisions concerning taxes to which

10   this Convention applies provided the information is of a class that can be obtained under the laws

11   and administrative practices of each Contracting State with respect to its own taxes."

12        36.    The IRS will not be able to establish that the summoned information "of a class that

13   can be obtained under the laws and administrative practices" of Korea because there is ongoing

14   litigation in Korean court over the issue of whether Kwan Yoon is a resident of Korea for tax

15   purposes.

16        37.    The position of the Korean tax authority that Kwan Yoon is a resident of Korea for

17   tax purposes is inconsistent with Kwan Yoon at all relevant times having filed tax returns and paid

18   tax as a resident of the United States.

19        38.    Furthermore, Kwan Yoon is a U.S. resident under the U.S.-Korea Tax Treaty and as a

20   result is not subject to tax in Korea.

21        39.    BRV Korea Advisors is unrelated to petitioners, does not do business with them, does

22   not hold any assets on behalf of them, and does not have control over any accounts in the name of

23   petitioners.

24        40.    In addition, the Korean tax authority's extra-judicial request for Kwan Yoon's private

25   information while the Korean court's judgment on the issue of his tax residency is still pending

26   seriously risks undermining procedural fairness and neutrality, circumventing the Korean and U.S.

27   Courts. Furthermore, there is a risk that the information being requested may be used for purposes

28   other than taxation and the request is not concerning taxes in violation of the U.S.-Korea Tax Treaty.

41.     There is nothing in the Summonses that would indicate a legitimate purpose of the Korean tax authority in seeking the summoned documents.

42.     Rather, respondent would be providing private and sensitive personal information of a U.S. citizen and taxpayer to a foreign government without any finding that the Korean tax authority has the right to that information.

43.     *Second*, given that there is nothing in the Summonses that would indicate a legitimate purpose of the Korean tax authority in seeking the summoned documents, it follows that respondent will not be able to establish that the summoned documents are relevant to a legitimate purpose.

44.     *Third*, there is no indication in the Summonses that the information sought is not already in the government's possession.

45.     *Fourth*, respondent will not be able to establish that the IRS followed the administrative requirements of the Internal Revenue Code as set forth below.

46.     Petitioner is informed and believes that notice of the summons was not served on Kwan Yoon, Goodam Holdings LLC, or Hyundam LLC in violation of Internal Revenue Code section 7609(a)(2) because each was identified in the summons for purposes of section 7609(a)(1).

47.     In addition, Internal Revenue Code section 7602(c) provides that "[a]n officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which (A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and (B) except as otherwise provided by the Secretary, is provided to the taxpayer not later than 45 days before the beginning of such period." 26 U.S.C. § 7602(c)(1).

48.     In *J.B. v. United States*, 916 F.3d 1161 (9th Cir. 2019), the court affirmed the quashing of a summons where the IRS did not provide the taxpayer with notice under section 7602(c). *See id.* at 1172. The court concluded that "[a] reasonable notice must provide the taxpayer with a meaningful opportunity to volunteer records on his own, so that third-party contracts may be avoided if the taxpayer complies with the IRS's demand." *Id.* at 1172–73.

49.     The IRS did not provide petitioners with the required 45-day notice with the

opportunity to produce records as required under section 7602(c) and *J.B. v. United States*.

50.     To the extent that respondent may rely on Treasury Regulation section 301.7602-2(c)(3)(i)(C) in arguing that such notice was not required, Kwan Yoon did not pay taxes to Korea because he is a U.S. citizen and not a resident of Korea, but if the Korean Courts determined he did owe taxes in Korea, then it would decrease his U.S. taxes (shifting taxes paid to the U.S. Treasury to Korea's Treasury). *See*, *e.g.,* 26 U.S.C. § 901. As a result, this request is "with respect to the determination" of taxes imposed by title 26 of the United States Code satisfying Treasury Regulation section 301.7602-2(c)(i)(C).

51.     Furthermore, to the extent that respondent may rely on Treasury Regulation section 301.7602-2(c)(3)(i)(C) in arguing that such notice was not required and the regulation was not satisfied, petitioners seeks an order that the rule stated in that paragraph of the regulations is invalid under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). Section 301.7602-2(c)(3)(i)(C) states: "A tax liability means the liability for any tax imposed by title 26 of the United States Code (including any interest, additional amount, addition to the tax, or penalty) and does not include the liability for any tax imposed by any other jurisdiction nor any liability imposed by other Federal statutes." Petitioners seek a ruling that the rule stated in section 301.7602-2(c)(3)(i)(C) is invalid on the ground that the Treasury Department and the IRS did not have the statutory authority to make such a rule. *See Loper Bright*, 603 U.S. at 412.

52.     Furthermore, petitioners are informed and believe that notice of the summons were not served on any petitioner as required under Internal Revenue Code section 7609(a)(2).

53.     Section 7609(a)(2) provides that "notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned."

54.     Petitioners did not receive notice "in the manner provided in section 7603" because the notice was not "delivered in hand" to petitioners nor was it left at Kwan Yoon's "last and usual place of abode."

55.    Petitioners are informed and believe that the notice was not "mailed by certified or registered mail to the last known address" of petitioners by the IRS. In particular, the page titled "Attachment to Summons to Wells Fargo Bank, N.A." shows an address for Kwan Yoon of:

128, Itaewon-ro 55 gil
Yongsan-gu, Seoul
Republic of Korea

However, that address is not his address.

56.    Petitioners did not receive a copy of the summons from the IRS. Rather, petitioners only learned of the summons on or about September 15, 2025, when petitioners were informed that a copy had been received in the mail by BRV Korea Advisors.

57.    Petitioners were only able to engage counsel at approximately 7:00 p.m. on September 17, 2025, which was the 19th day after the date of issuance shown on the Summonses. Petitioners were prejudiced by the IRS not providing the required notice.

58.    The Summonses do not comply with the administrative requirement of Internal Revenue Code section 7605 that the place of examination be reasonable given that the Summonses are addressed to Wells Fargo in Charlotte, North Carolina, but direct that an officer or employee would be required to appear to testify in Houston, Texas.

59.    Because the IRS did not follow the administrative requirements of the Internal Revenue Code as set forth above, petitioner's petition should be granted and the Summonses should be quashed.

//

PETITION TO QUASH SUMMONS                                    Case No. 3:25-cv-7974
513266652

1

**PRAYER FOR RELIEF**

2

WHEREFORE, petitioner prays that:

3

60.    The Court quash the Summonses in their entirety; and

4

61.    The Court grant petitioners such other and further relief as the Court may deem just

5

and proper.

6

Dated: September 18, 2025                    BAKER BOTTS L.L.P.

7

8

By: _____

JON D. FELDHAMMER
BENJAMIN KOODRICH

9

10

Attorneys for Petitioners
KWAN YOON, GOODAM HOLDINGS
LLC, and HYUNDAM LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9